# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1917V
(not to be published)

| | |
|---|---|
| SHERI GROVE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2019<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 8, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right-sided shoulder injury related to vaccine administration ("SIRVA") following receipt of her September 8, 2016 influenza ("flu") vaccination. (Petition at 1-2). On March 20, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to petitioner based on the respondent's proffer. (ECF No. 33.)

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 30, 2019, (ECF No. 39.), requesting a total award of $28,805.04 (representing $26,689.50 in fees and $2,115.54 in costs).³ In accordance with General Order #9, counsel for Petitioner's counsel filed a signed statement representing that Petitioner has not incurred out-of-pocket expenses. (*Id.* at 2.)  Respondent reacted to the motion on October 8, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 40).   On October 10, 2019, petitioner filed a reply requesting that the Court award all fees and costs requested.  (ECF No. 41.)

I have reviewed the billing records submitted with petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. I award a total of **$28,805.04** (representing $26,689.50 in attorney's fees and $2,1154.54 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his/her counsel, Leah VaSahnja Durant.  In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.⁴

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

³ I note that Petitioner's motion is untimely by two days. Petitioner and her counsel are reminded to file a motion for extension of time if they believe they will not be able to file the motion for attorneys' fees and costs by the 180 day deadline, and that future failure to adhere to the Rules of the Court of Federal Claims may result in non-payment of untimely fees and costs.

⁴ Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.